IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTELL WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-673 |
| | § | |
| RUSHMORE LOAN MANAGEMENT | § | |
| SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Martell Rioccos Willis, representing himself, sued Rushmore Loan Management Services, MTGLQ Investors, LP, Wilmington Savings Fund Society, Chase Bank, and FSB D/B/A Christiana Trust as Trustee for Premium Mortgage Acquisition Trust. (Docket Entry No. 1-3). All the defendants except Chase Bank moved to dismiss. (Docket Entry No. 8). Willis did not respond. Based on the pleadings, the motion, and the applicable law, this court grants the motion to dismiss, without prejudice to repleading if the amended complaint is filed by **July 6, 2018**. The reasons for this ruling are set out below.

**I.   Background**

Willis received a mortgage loan from Chase Bank in 2007. (Docket Entry No. 1-3 at 9). The defendants assert that Chase secured payment of the note by placing a lien on Willis's property through a deed of trust.[1] (Docket Entry No. 8 at ¶ 2). Willis defaulted on the loan and Chase Bank

---

[1] Normally the court looks to facts stated in the nonmovant's complaint because its factual allegations are taken as true. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true . . . ."). Willis's pleadings mention foreclosure and mention a deed of trust but contain no allegations other than his receiving a loan from Chase Bank. The court references facts alleged in the defendants' motion to dismiss to establish why this lawsuit

1

accelerated and foreclosed. *Id.* MTGLQ bought Willis's property at the foreclosure sale in January 2018. *Id.* Willis brought this lawsuit in response. (Docket Entry No. 1-3).

## II. The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## III. Analysis

Willis's complaint consists of 11 "claims" and 11 "negative averments." None sufficiently states a claim for relief.

Willis claims that: (1) he is an artificial person, referencing 18 U.S.C. § 1341, which criminalizes mail fraud; (2) there are four elements to a contract; (3) he entered into a loan agreement with Chase Bank; (4) Rushmore, MTGLQ, or Chase Bank violated his Seventh Amendment right to a jury trial and committed 35 other civil-rights violations, when they sold his property at an auction; (5) neither Rushmore, MTGLQ, nor Chase Bank lawfully loaned him money

---

was brought. The defendants' alleged facts do not affect this order's disposition.

or credit; (6) he did not receive lawful consideration for his loan contract with Chase Bank; (7) the law leaves wrongdoers where it finds them; (8) Chase Bank created money on account and violated the United States Constitution; (9) national banks cannot lend credit by guaranteeing the debt of another, Chase Bank stole Willis's credit, and Chase Bank committed bank fraud; (10) Chase Bank committed bank fraud because it "fraudulently loaned [him his] credit without telling [him]"; and (11) Chase Bank is not allowed to lend assets. (Docket Entry No. 1-3 at 9-12).

Some of these claims are factual statements that support no apparent legal claim for relief or are legal maxims and doctrinal principles stated without any factual allegations as to how they were violated, much less whether a violation is a basis for relief in court. This includes Willis's claims that there are four elements to a contract, the law leaves no wrongdoer where it finds them, and that Chase Bank entered into a loan agreement with Willis. None of these sufficiently plead a plausible claim that Willis is entitled to relief.

Most of the remaining claims are conclusory legal statements with none of the type of factual allegations needed to state a plausible claim. Conclusory allegations that are unsupported or implausible do not state a claim for relief. This includes Willis's vague reference to a mail-fraud statute, the claim that Chase did not "lawfully" loan him credit asserted without facts alleging how Chase's lending practice was illegal, the claim that Chase Bank created money on account, the claim that Chase Bank committed bank fraud and stole Willis's credit, and the claim that Chase Bank is not allowed to lend assets.

Willis's claim that the foreclosure of his property and its sale at an auction violated the Seventh Amendment right to a jury trial not only fails to allege facts, it fails as a matter of law. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall

3

exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII. A foreclosure sale is not a lawsuit with a jury trial right attached.

Willis negatively alleges that: (1) the defendants have not shown any documentation that they are the holder-in-due-course of a deed of trust and note; (2) the defendants did not have legal authority to foreclose; (3) Willis has not received proper documents regarding the deed of trust; (4) Willis was not given full disclosure of who is the holder-in-due-course for the deed of trust; (5) Willis's property is "not subject to unlawful and illegal, search, seizure, kidnaping or levy;" (6) Willis did not receive an assessed value for the deed of trust; (7) the defendants are not in possession of any contract with Willis; and (8) Willis has not been compensated for unauthorized use of his intellectual property. (Docket Entry No. 1-3 at 12-16). Willis's negative averments do not identify, or make readily discernable, any causes of action.

Even if the court construes these averments as claims for wrongful foreclosure or failure to produce documents, Willis still fails to plead adequately. Under Texas common law, a borrower may recover for wrongful foreclosure when inconsistencies or irregularities in the foreclosure process cause the borrower to suffer a loss. *See Wieler v. United Sav. Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied); *see also Cuauhtli v. Chase Home Finance LLC*, No. 406-CV-472-A, 2007 WL 548759, at *4 (N.D. Tex. Feb. 22, 2007). Willis has not alleged facts that, if proved, would show irregularities or inconsistencies in the foreclosure process. Although Willis alleges that the defendants did not have a contract or documents making them holders-in-due-course of the deed of trust, "[a] mortgage servicer may administer a foreclosure without the note." *Grifin v. BAC Home Loans Servicing, LP*, No. H-09-03842, 2011 WL 675285, at *2 (S.D. Tex. Feb. 16, 2011); *Cannon v. JP Morgan Chase Bank*, N.A., No. 4:11-cv-458, 2011 WL 6838615, at *4-*5

("Courts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note.") (citing cases). To the extent that Willis makes a wrongful foreclosure claim, it fails because of insufficient factual allegations. To the extent that Willis makes a lack-of-document claim, it fails as a matter of law.

Each of Willis's claims and negative averments fail to state a viable cause of action or lack a sufficient factual basis. Dismissal of his lawsuit is proper, without prejudice to repleading by **July 6, 2018**. Failure to replead sufficiently will result in dismissal with prejudice.

**IV. Conclusion**

The defendant's motion to dismiss, (Docket Entry No. 8), is granted, without prejudice.

SIGNED on May 30, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge